1109-20626                                                                                           #1590156

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **TK TOWING, INC. AND**<br>**TK BOAT RENTALS, L.L.C.,**<br>**Plaintiffs** | **CIVIL ACTION NO:** |
| | **DISTRICT JUDGE:** |
| **VERSUS** | **MAGISTRATE JUDGE:** |
| **ATLANTIC MERIDIAN**<br>**CONTRACTING CORP..**<br>**Defendant** | **Admiralty – Rule 9(h)** |

### COMPLAINT FOR BREACH OF MARTIME CONTRACT

NOW INTO COURT, through undersigned counsel comes plaintiffs, TK Towing, Inc. and

TK Boat Rentals, L.L.C. (collectively "Plaintiffs"), and file this Complaint for Breach of Maritime

Contract against defendant, Atlantic Meridian Contracting Corp., and would respectfully show the

Court as follows:

### PARTIES

1.

Plaintiff, TK Towing, Inc. (hereinafter "TK Towing"), is a corporation incorporated under

the laws of the State of Louisiana with its principal place of business located at 7810 Hwy. 182

East, Morgan City, Parish of St. Mary, Louisiana.

2.

Plaintiff, TK Boat Rentals, L.L.C. (hereinafter "TK Boat Rentals"), is a Louisiana limited

liability company with its principal place of business located at 6700 Hwy. 90 East, Morgan City,

Parish of St. Mary, Louisiana.

3.

Made defendant herein is Atlantic Meridian Contracting Corp. (hereinafter referred to as "Defendant" or "AMC Civil"), a corporation incorporated under the laws of the State of Georgia with its principal place of business located at 1101 Chatham Parkway Building E2, Savannah, GA 31408. AMC Civil may be served through its registered agent for service of process, BlumbergExcelsior Corporate Services, Inc., 2000 Riveredge Parkway, #885, Atlanta, GA 30328.

## JURISDICTION AND VENUE

4.

This action is within the admiralty and maritime jurisdiction of this Honorable Court under 28 U.S.C. § 1333, as this is a claim concerning breach of a maritime contract, and is brought pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

5.

This Honorable Court has personal jurisdiction over the Defendant because minimum contacts exist within this District to confer both specific and general jurisdiction over TK Towing and TK Boat Rentals' (collectively the "Plaintiffs") claims against the Defendant. The Defendant has maintained systematic and continuous contacts within this District such that this Court has general jurisdiction over it and the Defendant purposefully availed itself of the benefits and protections of the forum statute by directing its activities into Louisiana.

6.

This Honorable Court has specific jurisdiction and venue is proper, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this claim occurred within this District, including, but not limited to, Defendant's solicitation of business and services from the Plaintiffs,  which are Louisiana business entities, within this District; Defendant entering into a

contract with the Plaintiffs, which are Louisiana business entities, within this District; the vessels and barges provided by the Plaintiffs to Defendant under the contracts commencing and ending their voyages in St. Mary Parish, within this District; and Defendant agreeing to make payment to the Plaintiffs at a location within this District, and thereby breaching the contract within this District.

## **FACTUAL ALLEGATIONS**

7.

On December 12, 2019, TK Towing and AMC Civil entered into a Master Service Contract (hereinafter "MSC") for the purposes of TK Towing furnishing to AMC Civil certain vessels, barges, materials, and equipment for the construction of the SR 30 (US 98) Pensacola Bay Bridge Project No. 480035, at or near Pensacola, Florida. The MSC was entered into by TK Towing at or near Morgan City, Louisiana, and AMC Civil submitted an executed version of the MSC to TK Towing at or near Morgan City, Louisiana. A true and correct copy of the Master Service Contract is attached hereto as Exhibit "A".

8.

Under the MSC, TK Towing and AMC Civil agreed that the interpretation, construction or effect of the MSC and all rights, liabilities and obligations flowing therefrom shall be exclusively governed by the principles of the general maritime laws of the United States, and in the event that the general maritime law is silent or cannot be applied, then the parties agreed that the laws of the State of Louisiana shall govern. See Exhibit "A".

9.

Thereafter, on December 16, 2019, TK Boat Rentals and AMC Civil entered into a BARE barge Charter Agreement (hereinafter "Charter Agreement") specifically pertaining to AMC

Civil's charter of certain barges. The Charter Agreement was entered into by TK Boat Rentals at or near Morgan City, Louisiana, and AMC Civil submitted an executed version of the Charter Agreement to TK Boat Rentals at or near Morgan City, Louisiana. Pursuant to the terms of the Charter Agreement, AMC Civil agreed to make payment to TK Boat Rentals in Morgan City, Louisiana. A true and correct copy of the Charter Agreement is attached hereto as Exhibit "B".

10.

Between January 1, 2020 and May 20, 2020, TK Towing and TK Boat Rentals (collectively "Plaintiffs"), pursuant to the MSC and Charter Agreement, provided pushboats, towage services, marine construction equipment, fuel, other goods and services, and chartered barges to AMC Civil in connection with Pensacola Bay Bridge project No. 480035.

11.

Between January 15, 2020 and May 31, 2020, TK Towing issued twenty-five (25) invoices to AMC Civil, on net 45 terms pursuant to the MSC, in the total amount of $828,560.75, which invoices are attached hereto globally as Exhibit "C" (hereinafter the "TK Towing Invoices"), and a summary of such TK Towing Invoices is attached hereto as "D".

12.

The Defendant did not satisfy the TK Towing Invoices and the full of amount of the balance of the TK Towing Invoices totaling $828,560.75 remains past due and owing.

13.

TK Towing performed all of its obligations under the Master Service Contract but has not received payment from the Defendant.

14.

Despite amicable demand, the full amount of the TK Towing Invoices of $828,560.75 remains due and owing by the Defendant to TK Towing.

15.

Between February 15, 2020 and May 31, 2020, TK Boat Rentals issued twenty-eight (28) invoices to AMC Civil, on net 30 terms, in the total amount of $319,010.40, which invoices are attached hereto globally as Exhibit "E" (hereinafter the "TK Boat Rentals Invoices"), and a summary of such TK Boat Rentals Invoices is attached hereto as Exhibit "F".

16.

Printed on the back side of each of the TK Towing Invoices and TK Boat Rentals Invoices issued to AMC Civil were the "TERMS AND CONDITIONS", a true and correct copy of which has been attached hereto as Exhibit "E" (hereinafter the "Invoice Terms and Conditions").

17.

The Defendant did not satisfy the TK Boat Rentals Invoices and the full of amount of the balance of the TK Boat Rental Invoices totaling $319,010.40 remains past due and owing.

18.

TK Boat Rentals performed all of its obligations under the Charter Agreement but has not received payment from the Defendant.

19.

Despite amicable demand, the full amount of the TK Boat Rentals Invoices of $319,010.40 remains due and owing by the Defendant to the TK Boat Rentals.

## COUNT 1: BREACH OF CONTRACT AS TO TK TOWING

### 20.

TK Towing incorporates, as if set forth herein globally, the allegations and averments contained in Paragraphs 7 through 19.

### 21.

TK Towing provided pushboats, towage services, marine construction equipment, fuel, and other goods and services to AMC Civil (hereinafter the "Work") pursuant to the MSC dated December 12, 2019.

### 22.

The TK Towing issued invoices to AMC Civil between January 15, 2020 and May 31, 2020 for the Work (See Exhibits "C" and "D"), each of which came due and owing 45 days after receipt.

### 23.

Despite amicable demand, the full amount of the TK Towing Invoices of $828,560.75 remains due and owing by AMC Civil to TK Towing.

### 24.

By failing to pay and satisfy the TK Towing Invoices, AMC Civil has breached its contract with TK Towing.

### 25.

Pursuant to the MSC, TK Towing is entitled to recover interest at a rate of one percent (1%) per month based on the current outstanding balance of its invoices. See Exhibit "A".

26.

Further, pursuant to the MSC, in the event TK Towing institutes suit to enforce any right or obligation against AMC Civil, then TK Towing is entitled to recover reasonable attorney's fees, court costs, and all other expenses related thereto. See Exhibit "A".

27.

TK Towing hereby demands payment in full from AMC Civil in the amount of $828,560.75, plus accruing interest, attorney's fees, and costs, until the debt is paid in full.

28.

AMC Civil is truly and justly indebted to and unto the TK Towing in the amount of $828,560.75, as reflected in the  TK Towing Invoices attached as Exhibit "C" and incorporated herein by reference, together with contractual interest under the MSC from the date the TK Towing Invoices became due and owing, and for all costs and attorney's fees incurred in these proceedings.

29.

TK Towing further avers that AMC Civil should be cast in judgment for all court costs incurred in these proceedings.

## COUNT 2: BREACH OF CONTRACT AS TO TK BOAT RENTALS

30.

TK Boat Rentals incorporates, as if set forth herein globally, the allegations and averments contained in Paragraphs 7 through 19.

31.

TK Boat Rentals chartered certain barges and vessels to AMC Civil (hereinafter the "Chartered Barges") pursuant to the Charter Agreement dated December 16, 2019.

32.

TK Boat Rentals issued invoices to AMC Civil between February 15, 2020 and May 31, 2020 for the Chartered Barges (See Exhibits "E" and "F"), each of which came due and owing 30 days after receipt.

33.

Despite amicable demand, the full amount of the TK Boat Rentals Invoices of $319,010.40 remains due and owing by AMC Civil to TK Boat Rentals.

34.

By failing to pay and satisfy the TK Boat Rentals Invoices, AMC Civil has breached its contract with TK Boat Rentals.

35.

Pursuant to the Charter Agreement and the Invoice Terms and Conditions, TK Towing is entitled to recover interest at a rate of one and one-half percent (1.5%) per month based on the current outstanding balance of its invoices. See Exhibits "B" and "G".

36.

Further, pursuant to the Invoice Terms and Conditions, in the event TK Boat Rentals is required to hire an attorney to collect on any open invoice or suit is filed to collect the account, or any part therefor, AMC Civil agreed to pay all costs and a reasonable sum as attorney's fees in addition to the amount owing the on the account. See Exhibit "G".

37.

TK Boat Rentals hereby demands payment in full from AMC Civil in the amount of $319,010.40, plus accruing interest, attorney's fees, and costs, until the debt is paid in full.

38.

AMC Civil is truly and justly indebted to and unto TK Boat Rentals in the amount of $319,010.40, as reflected in the TK Boat Rentals Invoices attached as Exhibit "E" and incorporated herein by reference, together with contractual interest from the date the TK Boat Rentals Invoices became due and owing, and for all costs and attorney's fees incurred in these proceedings.

39.

TK Boat Rentals further avers that AMC Civil should be cast in judgment for all court costs incurred in these proceedings.

**WHEREFORE,** plaintiffs, TK Towing, Inc. and TK Boat Rentals, L.L.C., pray that the defendant, Atlantic Meridian Contracting Corp., be served with a certified copy of this Complaint, be cited to appear and answer same, and after due proceedings had, that there be judgment herein in favor of the plaintiff, TK Towing, Inc. and against the defendant, Atlantic Meridian Contracting Corp., in the amount of $828,560.75, together with interest, court costs, and attorney's fees incurred by plaintiff, TK Towing, Inc., in bringing this matter to Court, and that there be judgment herein in favor of the plaintiff, TK Boat Rentals, L.L.C. and against the defendant, Atlantic Meridian Contracting Corp., in the amount of $319,010.40, together with interest, court costs, and attorney's fees incurred by plaintiff, TK Boat Rentals, L.L.C., in bringing this matter to Court, and that the plaintiffs, TK Towing, Inc. and TK Boat Rentals, L.L.C., be entitled to any further available and equitable relief and damages in these proceedings as the Court may permit.

Respectfully submitted,

**/s/ Salvador J. Pusateri**

Salvador J. Pusateri, T.A. (#21036)
Aaron B. Greenbaum (#31752)
**PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM, LLC**
1100 Poydras Street, Suite 2250

New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
**ATTORNEYS FOR PLAINTIFFS, TK TOWING, INC.
AND TK BOAT RENTALS, L.L.C.**